UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Zane D. Bussler, | ) | Case No. 15-28948 |
| | ) | |
| Debtor. | ) | Hon. Timothy A. Barnes |
| | ) | Hearing Date: July 26, 2016 |
| | ) | Hearing Time: 10:30 a.m. |

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant:              Joseph A. Baldi, Trustee

Authorized to Provide
Professional Services to:       Estate

Date of Order Authorizing
Employment:                     August 25, 2015

Period for Which
Compensation is sought:         August 28, 2015 to Close of Case

Amount of Fees sought:          $ 3,250.00

Amount of Expense
Reimbursement sought:           $ 13.00

This is an:    Interim Application __    Final Application  _X_

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein is: N/A .

Dated: June 29, 2016                    Joseph A. Baldi, Trustee of the Estate of
                                        Zane D. Bussler, Debtor

                                        By:   /s/Joseph A. Baldi, Trustee
                                              Joseph A. Baldi, Trustee

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re ) | Chapter 7 |
| ) | |
| Zane D. Bussler, ) | Case No. 15-28498 |
| ) | |
| Debtor. ) | Hon. Timothy A. Barnes |
| ) | Hearing Date: July 26, 2016 |
| ) | Hearing Time: 10:30 a.m. |

**First and Final Application for Allowance and Payment of
Compensation and Expense Reimbursement of Joseph A. Baldi, as Trustee**

Joseph A. Baldi, not personally but solely as trustee ("Trustee") of the bankruptcy estate ("Estate") of Zane D. Bussler ("Debtor"), pursuant to sections 326 and 330 of title 11, United States Code ("Code"), requests this Court to enter an order allowing and authorizing payment to Trustee of $3,250.00 as final compensation for services rendered as chapter 7 trustee in this case from August 28, 2015 through the close of this case and for reimbursement of expenses which he will incur during the same period in the amount of $13.00. In support thereof, Trustee states as follows:

### Introduction

1. Debtor commenced this case on August 25, 2015 ("Petition Date") by filing a voluntary petition for relief under chapter 7 of the Code.

2. Joseph A. Baldi is the duly appointed, qualified and acting chapter 7 trustee in this case.

3. The Estate's assets consisted of the debtor's interest in two insurance policies, a Princecraft Pontoon Boat, and a business interest in Bussler & Associates, LLC ("B&A"), Winchester Boat Works, Inc. ("WBW"), NBD Transportation, Inc. ("NBD"), and Stateline Lake Associates, LLC ("SLA") (collectively "Property").

4. The bar date for filing claims in this case was March 31, 2016 for both general unsecured creditors and governmental units.

**Prior Compensation and Expense Reimbursement**

5.  This is the first and final application ("Application") for allowance of compensation and expense reimbursement filed by Trustee in this case.

6.  Trustee has not previously received or been promised any payments for services rendered or to be rendered or expenses incurred in this case.

**Services Rendered by Trustee**

7.  Since his appointment in this case, Trustee has performed actual, necessary and valuable services on behalf of the Estate. Itemized billing statements describing the Trustee's services from the date of appointment through the close of the case are attached hereto as Exhibit A. Those services rendered by Trustee since his appointment in this case include but are not limited to the following:

   A.  Trustee reviewed the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs which were filed in support of his petition for bankruptcy relief. Trustee conducted an examination of the Debtor pursuant Section 341 of the Code.

   B.  Trustee analyzed the Estate's interest and potential value of two insurance policies held by the Debtor, a 2005 Princecraft Pontoon Boat, and the debtor's interest in B&A, WBW, NBD, and SLA. Trustee reviewed and analyzed the insurance policies held be the Debtor and also appraised to the best of his knowledge the value of the Debtor's Prinecraft Pontoon Boat. Furthermore, the Trustee analyzed profit and loss statements, balance sheets, tax returns, work in progress and inventory documentation from B&A, WBW, NBD, and SLA to determine the value of the estate's interest. Trustee received a settlement offer of $25,000.00 from the Debtor which he analyzed and compared to his own valuations of the assets of the estate. Trustee analyzed the settlement offer and concluded that it was fair and reasonable according to his valuations. Trustee settled with the Debtor for the sum of $25,000.00 for the estate's interest in the Property.

2

  C. Trustee also analyzed and researched the debtor's rental property in Wisconsin and his homestead exemption claimed in the property. Trustee communicated with the broker for the Wisconsin property and came to the conclusion that there was no equity in the property to administer on behalf of creditors.

  D. Trustee invested and accounted for all funds received by the Estate and set up and maintained all bank accounts for the Estate;

  E. Trustee set up and maintained a computerized case management system for the Estate in order to efficiently keep track of records relating to the Estate's case history, assets, claims and banking activities;

  F. Trustee examined, analyzed and verified proofs of claim filed against the Estate;

  G. Trustee otherwise administered this Estate and directed the allocation, liquidation and distribution of assets to creditors herein.

### Funds Collected and Disbursed by Trustee

8. Trustee has collected the sum of $25,000.00 on behalf of the Estate. Trustee has made $50.32 in disbursements in this case as of the date hereof.

9. Copies of the *Form 1 Individual Estate Property Record and Report and Form 2 Cash and Receipts Record* showing the disposition of the assets of this Estate are attached to the Trustee's Final Report, filed simultaneously herewith, as Exhibits A and B, respectively.

### Compensation Requested

10. During the period covered by this Application, Trustee has spent 16.80 hours rendering services on behalf of this Estate with a value of $4,963.00. Trustee estimates that he will spend an additional three hours rendering services with a value of $820.00 to obtain approval of the final report, make a final distribution to creditors and prepare and file his final account.

3

11. The maximum compensation allowable to Trustee pursuant to section 326 of the Code, based upon the receipts and disbursements listed above is $3,250.00 as follows:

| | |
|---|---|
| 25% of the first $5,000.00 | $1,250.00 |
| 10% of the next $20,000.00 | $2,000.00 |
| Total allowable compensation | $3,250.00 |

After payment of the Estate's administrative claims, Trustee anticipates that there will be sufficient funds to make a partial distribution to the Estate's general unsecured creditors. Trustee does not anticipate that there will be a surplus of funds to be returned to the Debtor.

12. Based upon the services rendered, Trustee requests allowance and payment of final compensation for his services rendered as trustee from the time of his appointment through the closing of this case in the amount of $3,250.00. The amount requested represents reasonable compensation for the services rendered by Trustee and is equal to the maximum compensation allowable as set forth in paragraph 11 above.

13. An affidavit pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure, executed by Joseph A. Baldi, as trustee, is attached hereto as Exhibit B.

14. Trustee requests that the compensation requested herein be paid from the Estate funds in his possession.

### Reimbursement of Expenses

15. In connection with the services rendered, Trustee will incur actual and necessary expenses in the amount of $13.00 for which he now requests reimbursement. The expenses which will be incurred include the copies and postage for the Notice of Final Report that will need to be served to creditors who filed claims in the case. A detailed itemization of the expenses incurred is included within the billing statement attached hereto as Exhibit A.

### Status of the Case

16.    The Trustee has liquidated or sought to abandon at closing all of the assets of the Estate and has completed his review and analysis of the claims filed against the Estate.

17.    Trustee has completed and filed his Final Report simultaneously herewith.

WHEREFORE, Joseph A. Baldi, as trustee of the Estate of Zane D. Bussler, debtor requests the entry of an order providing the following:

    A.    Allowing to Trustee final compensation in the amount of $3,250.00 for actual and necessary professional services rendered and to be rendered on behalf of this Estate from August 28, 2015 through the closing of this case;

    B.    Allowing to Trustee reimbursement of expenses which he will incur in the amount of $13.00;

    C.    Authorizing Trustee to make a distribution of the monies awarded above as part of his final distribution in this case, and

    D.    For such other and further relief as this Court deems appropriate.

Dated:  May 26, 2016                        Joseph A. Baldi, as trustee of the estate of
                                                        Zane D. Bussler, Debtor

                                                        By:____/s/_____
                                                              Joseph A. Baldi

Joseph A. Baldi
20 N. Clark St., Suite 200
Chicago, IL  60602
(312) 726-8150

**Trustee's Final Fee Application**                                **Zane D. Bussler, Debtor**
                                                                    **Case No. 15-28498**

**Trustee's Itemized Billing Statements**

**Exhibit A**

**Baldi Berg, Ltd.**
**20 N. Clark Street**
**Suite 200**
**Chicago, IL 60602**

Phone: (312) 726-8150
Fax:    (312) 470-6323

FEIN: 36-4352753

**Invoice submitted to:**

May 26, 2016
Invoice No: 02706

Joseph A. Baldi, trustee
Baldi Berg, Ltd
20 N. Clark Street, Suite 200
Chicago, IL 60602

**In Reference to:** *Bussler - Trustee*

### Professional Services

| Date | Staff | Description | Hours | Charges |
|---|---|---|---|---|
| 8/28/2015 | JMM | Review debtor's schedules, business interests, and personal property assets (.7), draft email to JAB re: same (.2) | 0.90 $185.00/hr | $166.50 |
| 9/28/2015 | JAB | Review motion to lift stay (.4), review file re same and potential equity (.3) Draft email to debtor's attorney re same (.3) | 1.00 $450.00/hr | $450.00 |
| 9/29/2015 | JAB | Analyze debtor's exemption claim and potential equity in home (.3), Research on application of Illinois homestead to Wisconsin property. (.7) Review lexis search on property (.3) research sale of Kane county property (.3) TC with Codillis re continuance of motion to lift stay (.2) TC to broker re Presque Isle property, sale price (.2) | 2.00 $450.00/hr | $900.00 |
| 9/30/2015 | JAB | Follow up with lender re: continuing motion to lift stay. | 0.20 $450.00/hr | $90.00 |
| 12/20/2015 | JAB | Review and respond to email from Debtor's Counsel re: settlement offer and payment schedule (.2) | 0.20 $450.00/hr | $90.00 |
| 12/29/2015 | JMM | File Asset Report | 0.10 $185.00/hr | $18.50 |

**Baldi Berg, Ltd**  5/26/2016

Bussler - Trustee  Page    2

| Date | Initials | Description | Hours/Rate | Amount |
|---|---|---|---|---|
| 1/18/2016 | JAB | TC to creditor re sale of assets and discuss impact on corporate creditors | 0.40<br>$450.00/ hr | $180.00 |
| 1/19/2016 | JAB | Review and respond to email from creditor re: sale motion and NBD assets (.3), TC to debtor's attorney re same (.2) | 0.50<br>$450.00/ hr | $225.00 |
| 1/27/2016 | JAB | Review and respond to emails from debtor's counsel re payment of proceeds for approved sale. | 0.50<br>$450.00/ hr | $225.00 |
| 1/28/2016 | JMM | Draft email to Debtor's Counsel re - entered order, Motion to incur debt (.3) | 0.30<br>$185.00/ hr | $55.50 |
| 2/18/2016 | JMM | Request EIN from IRS (.1), Open new bank account in TCMS and deposit funds into account (.1), Important assets and allocate funds to several assets (.3), Prepare FedEx Label (.1), Trip to FedEx to send check to bank (.1) | 0.70<br>$185.00/ hr | $129.50 |
| 3/07/2016 | JAB | Open, review and approve February Bank Statement | 0.10<br>$450.00/ hr | $45.00 |
| 3/08/2016 | JMM | Process February 2016 Bank Statement (.1) Reconcile Bank Statement with TCMS (.1) | 0.20<br>$185.00/ hr | $37.00 |
| 4/14/2016 | JAB | Open, review and approve March Bank Statement | 0.10<br>$450.00/ hr | $45.00 |
| 4/14/2016 | JMM | Process March 2016 Bank Statement (.1) Reconcile Bank Statement with TCMS (.1) | 0.20<br>$185.00/ hr | $37.00 |
| 4/18/2016 | JMM | Import claims into TCMS (.2), Begin reviewing and analyzing claims in preparation of TFR (1.3) | 1.50<br>$185.00/ hr | $277.50 |
| 5/04/2016 | JMM | Begin drafting Motion to Amend Order to include an effective date on the Order Granting Employment | 0.30<br>$185.00/ hr | $55.50 |

**Baldi Berg, Ltd** 5/26/2016

Bussler - Trustee Page 3

| Date | Initials | Description | Hours/Rate | Amount |
|---|---|---|---|---|
| 5/05/2016 | JMM | Finish drafting Motion to Amend Order re: effective date on Order to Employ Baldi Berg (.7), Draft Proposed Order (.1), Edit to Motion (.3) | 1.10 $185.00/ hr | $203.50 |
| 5/18/2016 | JMM | Review case file for information needed to prepare TFR and related documents (.5), Draft email to JAB re: questions regarding claims and case (.1), Draft Trustee Fee Application (1.2), Prepare coversheet, proposed order, affidavit (.3), prepare TFR (1.1), and NFR (.4) | 3.60 $185.00/ hr | $666.00 |
| 5/26/2016 | JAB | Review draft of final report and final fee applications (1.1) Review claims (.5), Review bills and make edits (.3), Confer with JMM re follow up (.1) | 2.00 $450.00/ hr | $900.00 |
| 5/26/2016 | JMM | Review JAB Revisions and edit TFR (.2), Trustee's Fee Application (.6), Edit NFR (.1) | 0.90 $185.00/ hr | $166.50 |

Total Fees $4,963.00

**Expenses**

| Start Date | Description | Quantity | Charges |
|---|---|---|---|
| 5/18/2016 | Miscellaneous Expense - Send out Notice of Final Report to Creditor who filed claims after filing of Trustee's Final Report (13 creditors x $1/each = $13.00) | 1.00 @ /each | $13.00 |

Total Expenses $13.00

Total New Charges $4,976.00

Previous Balance $0.00

Balance Due $4,976.00

**Timekeeper Summary**

| Name | Hours | Rate |
|---|---|---|
| Joseph A Baldi | 7.00 | $450.00 |
| Jason M Manola | 9.80 | $185.00 |
| | 16.80 | |

**Trustee's Final Fee Application**   **Zane D. Bussler, Debtor**
                                       **Case No. 15-28498**

Rule 2016 Affidavit

Exhibit B

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Zane D. Bussler, | ) | Case No. 15-28948 |
| | ) | |
| Debtor. | ) | Hon. Timothy A. Barnes |

**Trustee's Affidavit Pursuant to Rule 2016**

State of Illinois    )
County of Cook    )

I, Joseph A. Baldi, being first duly sworn upon oath, do depose and state as follows:

1. I am the duly appointed, qualified and acting trustee in this case and I have personal knowledge of the facts set forth herein.

2. I have read the First and Final Application for Allowance and Payment of Compensation and Expense Reimbursement of Joseph A. Baldi as trustee ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. I or my agents pursuant to my direction performed the services and incurred the expenses set forth and described in the Application.

3. I have not entered into any agreement with any other person or persons for the sharing of compensation or expense reimbursement to be received for services rendered or expenses incurred in connection with this matter, except among the principals and associates of Baldi, Berg, Ltd., a law firm at which I was employed during the pendancy of this case. I have not previously received payment of any compensation for services rendered or reimbursement for expenses incurred in connection with this case.

4. Further affiant sayeth naught.

_____
Joseph A. Baldi

Subscribed and Sworn to before me
on May 27, 2016

_____
Notary Public

"OFFICIAL SEAL"
Jason M Manola
Notary Public, State of Illinois
My Commission Expires 11/1/2019

**Exhibit B**